## The Planters' Bank *v.* Coulson.

A justice of the peace has jurisdiction in all civil cases where the principal in controversy does not exceed fifty dollars, exclusive of interest.

IN ERROR from the circuit court of the county of Adams.

John S. Coulson sued the Planters' Bank, before a justice of the peace of Adams county, on a post note of the bank for the sum of fifty dollars, bearing an interest of six per cent. from its date until due, which was twelve months from date. The magistrate rendered judgment for the plaintiff for fifty dollars principal, and three dollars interest. An appeal was taken to the circuit court of Adams county. The plaintiff below appeared and filed his declaration, and alleged that the bank, on the 2d day of April, 1839, made their promissory note, and therein promised to pay the bearer, twelve months after date, the sum of fifty dollars, with six per cent. interest from date until due; and averred demand and refusal to pay on the 2d of April, 1840. There was a judgment by default in the circuit court, in favor of Coulson, to which a writ of error was sued out, and the want of jurisdiction of the justice of the peace relied on as a ground for reversal.

Montgomery for plaintiff in error.

There is but one question involved in this case, to wit: had the justice of the peace jurisdiction of the case?

The law which authorizes the banks of the state to issue post notes, provides that the notes shall bear an interest, to be expressed on the face, until maturity; and the subsequent section provides that, if such post notes are not paid on demand, they shall bear interest from the time of demand and refusal at twelve and a half per cent. How. & Hutch. 218, secs. 13 and 15.

From the language of this statute it is evident the post note, with the interest which accrued by virtue of the agreement on its

The Planters' Bank *v*. Coulson.

face, constitutes the principal of the sum due, and the interest which the law allows to be recovered before a justice, is that interest which accrued after the defendants were in default. The principal sum due is that sum which the party was entitled to demand, and did demand, when this note arrived at maturity, which was fifty-three dollars, and therefore not within the jurisdiction of the justice of the peace.

The jurisdiction of a justice of the peace is confined to a sum not exceeding fifty dollars, for a sum or balance due on any specialty, bond, note, &c. How. & Hutch, 426, sec. 11.

The *sum* due on the note set out in the declaration, at the time of commencing the action, was fifty-three dollars, with twelve and a half per cent. interest from the demand of payment, and was therefore greater than the amount for which the justice could take jurisdiction. The circumstance of rendering judgment for the amount for which he had jurisdiction, cannot save the case.

It is a well settled rule, that when an inferior or limited jurisdiction is conferred on a court, that its proceedings will be quashed at any stage at which the want of jurisdiction is discovered. Williams *v*. Grayson, Walker's Rep.

McMurran contra.

We cannot doubt that the decision of the court below will be sustained by this court. Under the old constitution of this state, where the amount exceeded fifty dollars, the justice could not exercise jurisdiction in a civil suit. But the present constitution is entirely different on this subject. It confers upon them jurisdiction where "the *principal* of the amount in controversy shall not exceed fifty dollars." Con. of Mi. art 4, sec. 23.

If any explanation of this clause were wanted, we could find it in an act of the legislature, approved February 11, 1830, to be found on pages 293 and 294 of the Rev. Stat. from 1824 to 1838. This provision of the law is conclusive under our present constitution, and shows the jurisdiction of the justice unquestionable in this case.

But no language could be more definite or better understood than that used in the provision of the constitution cited. When the *principal* of the amount shall not exceed fifty dollars. Well,

does it exceed it in the present case?   Not at all.   The principal is precisely fifty dollars.

How can it be pretended that the six per cent. interest is principal?   If the note sued on had promised interest at the rate of six per cent. per annum till paid, surely it would have made no difference.   The six per cent. would have been interest in the one case no more than in the other.   Suppose the note had borne an interest of twenty per cent. per annum, would it not have been usury? Certainly.   Then it has nothing to do with the principal.   As long as there is any distinction drawn between principal and interest, so long will the jurisdiction of the magistrate be recognized in such a case as the present, under our constitution.

The law authorizing post notes to be issued, and damages on them, or interest when due at twelve and a half per cent., does not provide whether it shall be on any thing but the principal debt; and such is its construction in practice.   But this law can have no bearing on the question of the magistrate's jurisdiction.   Besides, if the court had the slightest doubt about the jurisdiction, in this case, of the justice of the peace, the decision ought to be in favor of the jurisdiction—that small amounts in controversy, like that involved in this case, may be decided before the inferior tribunals, where it can be speedily disposed of, and at a trifling expense, compared with the delay and costs of a suit in the circuit court.   We therefore ask an affirmance of our judgment, with damages.

Opinion of the court by TURNER, Justice.

It is a well settled principle, that if a court has jurisdiction of the principal subject matter of a suit, it has jurisdiction also of the incidents.

When a bill or note for a sum certain is sued on, the debt mentioned in the instrument is considered the principal, and the interest, damages and costs are incidents; and this matter would doubtless have been so considered by our courts of justice under the constitution of 1817, but for the language of sec. 8, art. 5, which is as follows: "Their jurisdiction (speaking of justices of the peace) in civil cases shall be limited to causes in which the amount in controversy shall not exceed fifty dollars."   Our courts construed

34*

this clause literally, and would not allow it to be lawful for justices of the peace to render judgment for a greater sum, of principal and interest, than fifty dollars. This operated injuriously in many cases; as, where, at the time of the commencement of the suit, the principal and interest due did not amount to fifty dollars, but before the decision of the suit the interest accruing exceeded that amount, the plaintiff had to lose the excess or be nonsuited.

The constitution of 1832, art. 4, sec. 23, providing for justices of the peace, uses this language: "The jurisdiction of justices of the peace shall be limited to causes in which the *principal* of the amount in controversy shall not exceed fifty dollars." This language is very different from that used in the old constitution, and is better calculated to promote the ends of justice. The calculation of interest on an acknowledged debt, is a mere clerical act. See Rev. Code, p. 120, sec. 67; and the act of 1830, Laws of Mi. 293, expressly provides for such a case as this, carrying out and sustaining the provision of the constitution in relation to this subject. This being the only question presented in these cases, I am clearly of opinion that the justice did not err in rendering judgments for the principal and interest due on the notes sued on, although the amount of the judgment exceeded the sum of fifty dollars.

Judgments affirmed.